## CORNELIA L. WILSON v. SALLIE L. WILSON.

*Action to Recover Land—Equitable Defenses—Lost Deed— Pleading.*

2.  Where, in an action for recovery of land, the defendant denied plaintiff's title, unlawfully withholding possession, &c., but averred nothing more, it was not competent on the trial for defendant to prove that she had been in possession for seven years under an unregistered deed which was lost.  Such a defence is an equitable one and to be available must be set up by answer as a defence in a court of equity.

CIVIL ACTION, for the recovery of land, tried before *Bryan, J.*, and a Jury, at November Term, 1894, of IREDELL Superior Court.   The facts are succinctly stated in the opinion of Chief Justice FAIRCLOTH.

SHERRILL *v.* TELEGRAPH COMPANY.

There was a verdict for the plaintiff and from the judgment thereon defendant appealed.

*Messrs. Armfield & Turner*, for plaintiff.
No counsel, *contra.*

FAIRCLOTH, C. J.: The plaintiff sues for possession of land, making the usual allegations of title in herself and wrongful possession of the defendant. The answer denies these allegations and avers nothing more. On the trial the plaintiff showed title, and defendant offered to prove by a witness seven years possession under an unregistered and lost deed, and, by another, that she had a deed for the premises which was lost and had not been registered, which evidence was excluded. The offer of this evidence was an admission that defendant could not make out her title in a court of law, and that she had to invoke the aid of a court of equity, as the deed was lost and had not been reestablished under statutory provisions. In order to make such evidence competent, it was necessary for defendant to set up the facts in her answer as a defence in a court of equity, which was not done. This would also have been notice to the plaintiff. *Tripless* v. *Witherspoon,* 74 N. C., 475 ; *Hinton* v. *Pritchard,* 102 N. C., 94.

Affirmed.